**SO ORDERED.**

**SIGNED this 07 day of November, 2011.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

IN RE:

MARCUS TIRRELL MONROE,            CHAPTER 13
                                  CASE NO. 11-05167-8-RDD
    DEBTOR

### ORDER ALLOWING MOTION FOR RELIEF FROM STAY

Pending before the Court is the Motion for Relief from the Automatic Stay of Section 362 to Proceed with Eviction (the "Motion") filed by The Bank of New York Mellon ("Bank") on August 22, 2011 and the Response to Motion for Relief from the Automatic Stay of Section 362 to Proceed with Eviction (the "Response") filed by Marcus Tirrell Monroe (the "Debtor") on September 27, 2011. The Court conducted a hearing on October 25, 2011 in Greenville, North Carolina to consider the Motion and Response.

### BACKGROUND

The Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on July 2, 2011. In his petition, the Debtor listed fee simple ownership of property located at 3987 Sterling Pointe Drive, LLL6, Winterville, North Carolina 28590-9244 (the "Property"), subject to a deed of trust in the amount of $68,046.47 in favor Saxon Mortgage Services, Inc., servicing agent

for Bank of New York Mellon, as Successor Trustee under NovaStar Mortgage Funding Trust, Series 2003-4.  The Debtor valued the Property at $59,880.00 and did not claim an exemption in the Property.  The Bank, as Successor Trustee to the Deed of Trust, foreclosed on the note secured by the Property.[1]  At the foreclosure sale on May 5, 2011, the Bank was the highest bidder in the amount of $38,000.00.  The North Carolina statutory ten day upset bid period expired on May 20, 2011[2] with no bids upsetting the Bank's $38,000.00 bid.  The Substitute Trustee's Deed transferring ownership of the Property to the Bank was executed on May 26, 2011, but was not recorded in the Pitt County Register of Deeds until July 20, 2011,  after the Debtor's petition was filed.

The Bank filed the Motion seeking relief from the automatic stay provided by 11 U.S.C. § 362(a) in order to proceed with eviction of the Debtor and take possession of the Property.  In the alternative, the Bank asks that the Court grant it adequate protection for its interest in the Property.  In the Motion, the Bank asserts that as a successor in interest to  NovaStar Mortgage Funding Trust, Series 2003-4, the Bank properly foreclosed on the note secured by the Property on May 5, 2011.  The Bank further contends that upon the expiration of the ten day North Carolina upset bid period, it was the highest bidder on the Property in the amount of $38,000.00.  As such, the Bank asserts that it is entitled to relief from the automatic stay in order to evict the Debtor from the Property.

---

[1] In North Carolina, upon a borrower's default, the trustee to a deed of trust "may initiate a foreclosure sale pursuant to a power of sale provision within the deed of trust. N.C. Gen. Stat. § 45-21.1 to .34 (2007). Once the foreclosure sale is conducted, a 10-day upset bid period commences during which any person may bid on the real property. Id. § 54-21.27." *In re Figured*, Case No. 09-03251-8-JRL, 2009 Bankr. LEXIS 2580, at *5 (Bankr. E.D.N.C. Aug. 31, 2009).

[2] The report of foreclosure sale was filed with the Clerk of Superior Court of Pitt County on May 5, 2011. On May 10, 2011, an amended report of foreclosure sale was filed with the Clerk of Superior Court of Pitt County correcting the name of the high bidder. Therefore, the ten day upset bid period began running on May 10, 2011 and expired on May 20, 2011.

At the hearing, the Bank argued that when the upset bid period expired on May 20, 2011, title became fixed in the Bank as the highest bidder. Therefore, despite the fact that the deed transferring title to the Bank was not recorded until July 20, 2011, the Bank's interest in the Property vested prior to the filing of the bankruptcy petition on July 2, 2011. Further, the Bank argued that the Debtor's equity of redemption in the Property had expired on May 20, 2011. The Bank contends that 11 U.S.C. § 1322(c)(1) prevents a debtor from curing default with respect to a debtor's principal residence once a foreclosure sale has occurred in accordance with state law. As such, the Bank argues that any bankruptcy petition filed after the expiration of the upset bid period has no effect on the Bank's ownership of the Property and the Bank is entitled to relief from the automatic stay. Further, once the ten day upset bid period expires, the Debtor no longer owns a title interest in the Property.

In the Response, the Debtor argues that the Motion should be denied because the Bank failed to record the deed and transfer title. At the hearing, the Debtor argued that the Bank's interest in the Property could only vest when the deed was recorded in the Pitt County Register of Deeds and did not vest at the expiration of the upset bid period. As such, the Debtor argues that because title did not vest in the Bank prior to recording the deed on July 20, 2011, the Property became a part of the bankruptcy estate. Furthermore, the Debtor argues that any attempt to record the deed after the Debtor filed the petition was in violation of § 362(a)(3) and rendered the deed void *ab initio*.

## DISCUSSION

This district has clearly established that "[i]n North Carolina, a foreclosure sale is complete after the expiration of the ten-day upset bid period" and at that time, the highest bidder's rights to the property become fixed. *In re Saunders*, No. 07-02455-8-JRL, at 2 (Bankr. E.D.N.C. Sept. 12, 2007) (citing *In re Barham*, 193 B.R. 229, 232 (Bankr. E.D.N.C. 1996)). Furthermore,

3

> [p]ursuant to N.C. Gen. Stat. § 45-21.27, the ownership rights of the prior owner of real property shift to the high bidder at foreclosure sale upon expiration of the upset bid period . . . . Thus, property formerly owned by the debtor which was sold at foreclosure and for which the upset bid period expired prior to commencement of the bankruptcy case is not property of the estate . . . .

*In re Figured*, Case No. 09-03251-8-JRL, 2009 Bankr. LEXIS 2580, at *7 (Bankr. E.D.N.C. Aug. 31, 2009).

It is undisputed that the upset bid period expired on May 20, 2011 and that the Debtor did not file his petition under Chapter 13 until July 2, 2011. The law in North Carolina is clear that in a foreclosure sale, the highest bidder's interest in real property becomes fixed once the period for upset bids expires. Therefore, because the bankruptcy petition was not filed during the time to file an upset bid, the rights of the Bank as to the Property became fixed on May 20, 2011 when the upset bid period expired. The Bank, as the highest bidder, was the only party with any right to receive and accept the tender of a trustee's deed of the Property after May 20, 2011. As such, the Property "is not property of the estate" and the Bank's act of recording the deed on July 20, 2011, was not a violation of § 362(a)(3). *Id.* at *8.

In support of the argument that the deed to the Bank is void *ab initio,* the Debtor calls the Court's attention to *In re Carpenter*, 10-03870-8-SWH (Bankr. E.D.N.C. Sept. 15, 2010). The Debtor asserts that the facts in *Carpenter* are analogous to this case in that *Carpenter* involved a deed transferring property from the debtors to the seller that was recorded by the seller after the debtors filed a petition under Chapter 13. The facts in *Carpenter* involved two separate cases under Chapter 13.

The first case, Case Number 09-03678-8-SWH, involved the denial of the debtors' objection to claim by the Honorable J. Rich Leonard. In 1997, the debtors executed a deed of trust in favor

4

of the seller to secure the purchase of real property pursuant to a land-sale contract. In 2003, the debtors reconveyed the real property by deed back to the seller after defaulting on a land-sale contract. Subsequently, the debtors and the seller entered into several more land-sale contracts prior to the first bankruptcy petition. The seller did not record the 2003 deed until October 2009, after the debtors filed the petition. When the debtors objected to the seller's secured claim as to all of the land-sale contracts, Judge Leonard found the 2003 deed only secured the original land-sale contract and none of the subsequent land-sale contracts, because the deed was not recorded and failed to put the rest of the world on notice. *In re Carpenter*, Case No. 09-03678-8-SWH (Bankr. E.D.N.C. March 2, 2010). Judge Leonard also decided that the 2003 deed did not invalidate the 1997 deed of trust through the doctrine of merger because the deed itself was not intended to serve as satisfaction of the mortgage debt, but only as additional security for the obligation under the deed of trust. As such, Judge Leonard found the debtors to be the owners of the property because the 1997 deed of trust was still valid.

The debtors 2009 petition was dismissed and they filed another petition under Chapter 13 in 2010 (Case Number 10-03870-8-SWH). In that case, the seller sought relief from the automatic stay pursuant to § 362(d). The Honorable Stephani W. Humrickhouse determined that the recordation of the 2003 deed in 2009 violated the automatic stay pursuant to § 362(a)(3) and/or § 362(a)(4) and therefore rendered the 2009 recording of the deed void *ab initio. In re Carpenter*, 10-03870-8-SWH, at 4 (Bankr. E.D.N.C. Sept. 15, 2010) (citing *In re Village Landing, LLC*, Case No. 09-00855-8-JRL (Bankr. E.D.N.C. May 13, 2009)). "Because the act of recording the deed is void, the recordation did not become effective upon dismissal of the debtors' 2009 Case." *Id.* at 4. Therefore, Judge Humrickhouse determined that the property involved became part of the bankruptcy estate when the 2010 petition was filed. The Carpenters owned a fee simple interest in their property at the time of

5

the filing of the petition. In the case at bar, the Debtor owned no title interest in the Property at the time of the filing of the petition, because the ten day upset bid period had expired.

Based on the evidence at the hearing, the Debtor contends that because the Bank failed to record the deed executed on May 26, 2011 until after the petition date in July 2011, the act of recording was a violation of § 362(a)(3) that rendered the deed void *ab initio*. This argument, however, misconstrues the decisions in the *Carpenter* case. Judge Leonard's opinion that title remained in the debtors rested on the premise that the 2003 deed was not intended to convey the property back to the seller but as further security for subsequent land-sale contracts. Judge Humrickhouse's decision denying relief from the automatic stay was dependent on Judge Leonard's determination that the 1997 deed of trust was still valid and the 2003 deed did not convey title to the seller. As such, the property belonged to the debtors at the time of the 2009 petition and therefore became property of the bankruptcy estate. Because it was property of the estate at the time, the 2009 recordation of the deed was a violation of §362(a)(3) and/or § 362(a)(4) rendering the recording void *ab initio*.

This case is distinguishable. The Bank's recording of the deed was not a violation of §§ 362(a)(3) or (a)(4) because the Property did not belong to the estate when the deed was recorded. The foreclosure sale fixed the rights of the parties upon the expiration of the upset bid period on May 20, 2011. Except as provided in §§ 541(b) and (c)(2), the estate is comprised only of "legal or equitable interests of the debtor in the property as of the *commencement* of the case." 11 U.S.C. § 541(a)(1) (2011) (emphasis added). Therefore, because the Debtor had no interest in the Property on the petition date, it did not become a part of the bankruptcy estate and § 362 does not apply. Furthermore, because the foreclosure sale is final and the ten day upset bid period has expired, the Debtor is precluded from attempting to cure any default in the Chapter 13 plan pursuant to § 1322.

The Bank filed the Motion seeking relief from the automatic stay in order to evict the Debtor from any possessory interest the Debtor had in the Property. Debtor has no title interest in the Property. The Court finds that based on the evidence, the Property did not become a part of the bankruptcy estate upon the filing of the Debtor's petition. The motion for relief from stay is **GRANTED.** The Debtor is ordered to remove his person and personal property from the Property, and the Debtor shall leave the Property in good condition, except for reasonable wear and tear, within thirty (30) days of the entry of this order.

**SO ORDERED**.

**END OF DOCUMENT**